ESTELLE FOSTER EATON, in equity,

*vs.*

JESSIE A. McCALL.

Kennebec.     Opinion March 31, 1894.

*Equity.     Mortgage.     Foreclosure.     Land beyond State.*

In a bill in equity between residents of this State to foreclose a mortgage upon real estate situated in another jurisdiction, after a breach of conditions, this court may, whenever it is necessary in order to prevent loss or protect the rights of a mortgagee, by proper decrees compel the mortgagor to convey to the mortgagee, by release deed, the equity of redemption, after default in payment of the amount ascertained to be due within the time fixed by the court.

But ordinarily the holder of a mortgage should be required to resort to the remedies or to the courts of the jurisdiction in which the land is situated, and this court will not grant relief in such a case unless unusual or extraordinary circumstances exist and are alleged, showing the necessity of such relief in order to prevent loss or protect the rights of the holder of the mortgage.

ON REPORT.

Bill in equity to foreclose a mortgage. The defendant did not appear and judgment *pro confesso* was taken.

The case is stated in the opinion.

The following is the prayer of the bill:

"Fifth. Wherefore, your complainant prays that the said Jessie A. McCall may be ordered to pay the debt and interest secured by said mortgage and in default thereof to be forever debarred from redemption of the premises therein described.

"Sixth. Your complainant says that said land lies in a district having an office and system for the registry of conveyances of land; wherefore, she prays that there may be a further order to the effect that, in the event of said Jessie A. McCall's failing to pay the debt and interest secured by said mortgage within the time limited therefor by the court, then she shall execute and deliver to your complainant a good and sufficient deed of quitclaim and release, so that the same may be recorded in the district where said land lies."

*Harvey D. Eaton*, for plaintiff.

SITTING : PETERS, C. J., WALTON, LIBBEY, FOSTER, HASKELL, WISWELL, JJ.

WISWELL, J. Bill in equity between parties resident in this State to foreclose a mortgage upon real estate situated in Nova Scotia.

The defendant failing to appear, the bill was taken *pro confesso*. Afterwards on motion for a decree, the justice presiding at *nisi prius*, being doubtful as to the jurisdiction of this court, with the consent of counsel for the complainant, reported the case to the law court to determine whether the bill should be sustained, and what decree if any, should be made.

It is a familiar maxim of equity jurisprudence, that equity acts against the person. Where the subject matter is situated within another State or country, but the parties are within the jurisdiction of the court, any suit may be maintained and remedy granted which *directly* affects and operates upon the person of the defendant and not upon the subject matter, although the subject matter is

referred to in the decree, and the defendant is ordered to do or refrain from certain acts toward it, and it is thus ultimately but *indirectly*, affected by the relief granted. Pomeroy's Equity Jurisprudence, § 1318.

Common instances of such an exercise of equity powers, are where courts, having jurisdiction of the person, decree the specific performance of contracts to convey lands, enforce and regulate trusts, or relieve from fraud, actual or constructive, although the subject matter of the contract, trust or fraud, either real or personal property be situated in another State or country. A leading case upon this subject and one often cited in modern cases, is that of *Penn* v. *Lord Baltimore*, 1 Ves. 444, decided in 1750 by Lord Chancellor Hardwicke.

The fact of the *situs* of the land being without the commonwealth does not exempt defendant from jurisdiction, the subject of the suit, being the contract, and a court of equity dealing with persons, and compelling them to execute its decrees and transfer property within their control, whatever may be the *situs*. *Pingree* v. *Coffin*, 12 Gray, 288.

The principle is thus stated by the Federal Supreme Court : "Where the necessary parties are before a court of equity, it is immaterial that the *res* of the controversy, whether it be real or personal property, is beyond the territorial jurisdiction of the tribunal. It has the power to compel the defendant to do all things necessary, according to the *lex loci rei sitæ*, which he could do voluntarily to give full effect to the decree against him. Without regard to the situation of the subject matter, such courts consider the equities between the parties and decree *in personam* according to those equities, and enforce obedience to their decrees by a process *in personam*." *Phelps* v. *McDonald*, 99 U. S. 298.

Our court in *Reed* v. *Reed*, 75 Maine, 264, sustained a bill and made the necessary decrees to redeem from a mortgage lands situated in the state of Wisconsin. And the court has in many cases proceeded and granted relief upon the maxim, *equitas agit in personam*.

The English chancery courts, regarding the right to redeem

as a mere personal right, and the decree for a foreclosure, a decree *in personam*, have often decreed the foreclosure of mortgages upon lands beyond the jurisdiction of the court.    *Toller* v. *Carteret*, 2 Vern. 495 ; *Paget* v. *Ede*, L. R. 18 Eq. 118.

In this country the question has frequently arisen as to the power of an equity court to decree the foreclosure of a mortgage upon property situated both within and without the jurisdiction of the court.    The doctrine is sustained by the highest authorities that a court having jurisdiction of the person of the mortgagor, or of the owner of the right to redeem, may decree such a foreclosure.

In *Muller* v. *Dows*, 4 Otto, 444, it was held that a U. S. Circuit Court for the District of Iowa, which had jurisdiction of the mortgagor and the trustees of the mortgage, could make a decree foreclosing a mortgage upon a railroad and its franchises and order a sale of the entire property although a portion of the property was in the state of Missouri.    Mr. Justice Strong in delivering the opinion of the court said, " Without reference to the English Chancery decisions, where this objection to the decree would be quite untenable, we think the power of courts of chancery in this country is sufficient to authorize such a decree as was here made.    It is here undoubtedly a recognized doctrine that a court of equity sitting in a State and having jurisdiction of the person may decree a conveyance by him of land in another State, and it may enforce the decree by a process against the defendant.

In *Union Trust Co.* v. *Olmstead*, 102 N. Y. 729, the plaintiff sought by foreclosure and sale to enforce a mortgage executed by the defendant corporation upon property, a part of which was situated in another State.    The court held that although the decree of foreclosure might not be operative beyond the territorial limits of the jurisdiction, that the court might have required the mortgagor, being within the jurisdiction, to execute a conveyance of the property situated in the other State.

To the same effect are numerous other decisions by courts of the highest authority in this country, both Federal and State. After an examination of these authorities we have no doubt that

this court has the power to make a decree compelling a mortgagor, over whom it has jurisdiction, to make a conveyance of the mortgaged premises, after failure to pay the amount ascertained to be due, within the time fixed by a decree of the court, which time should not be less than the statutory period allowed for redemption in the place where the land is situated.

But as to when and under what circumstances this power should be exercised by the court, is, we think, another and quite diffcrent question. It must be remembered that no decree of the court would be operative except one against the mortgagor, or person having the right to redeem, commanding a conveyance. The court could not proceed in the usual and customary method by decreeing either a strict foreclosure or a foreclosure by a judicial sale. Neither the decree itself nor any conveyance under it, except by the person in whom the title is vested, can operate beyond the jurisdiction of the court. *Watkins* v. *Holman*, 16 Pet. 25. A court cannot send its process into another State nor can it deliver possession of land in another jurisdiction. *Muller* v. *Dows*, *supra*. It can only accomplish foreclosure of such a mortgage by its decree *in personam*, compelling a conveyance.

We do not think that a chancery court should exercise this power except under unusual or extraordinary circumstances. Wherever it is necessary in order to prevent loss or to protect the rights of a mortgagee it may be done, for instance in the case of a mortgage upon property situated both within and without the State, where, unless a sale of the entire property could be made at one time, great loss might ensue, or in other cases where an equally good reason existed. But ordinarily we think that the holder of a mortgage should be required to resort to the remedies or the courts of the jurisdiction in which the land is situated. This is in accordance with the principle, than which none is better established, that the disposition of real estate, whether by deed, descent, or by any other mode, must be governed by the law of the state where the same is situated. *Watkins* v. *Holman*, *supra*.

In this case there are no reasons, either alleged or apparent,

why the holder of this mortgage cannot foreclose the same according to the law of the place where the land is situated, without loss or great inconvenience.

We think therefore that the entry should be,

*Bill dismissed without prejudice.*