## WICKIZER et al. v. WARNER.

No. 11091—Opinion Filed Jan. 8, 1924.

Rehearing Denied Sept. 16, 1924.

(Syllabus.)

### 1. Statutory Provisions.

Section 467, Comp. Stat. 1921, provides as follows "In actions for the recovery of real property, it shall be necessary for the plaintiff to set forth in detail the facts relied upon to establish his claim and to attach to his petition copies of the deeds or other evidences of title, as in actions upon written contracts; **and he must establish the al-**

legations of his petition, whether answer be filed or not."

**2. Same.**

Section 469, Comp. Stat. 1921, provides as follows: "In an action, by a tenant in common of real property, against a cotenant, the plaintiff must in addition to what is required in the second preceding section (sec. 467), state, in his petition, that the defendant either denied the plaintiff's right, or did some-act amounting to such denial."

**3. Ejectment—Title of Plaintiff — Insufficiency of Evidence.**

It is a well-settled principle of law that in an action in ejectment the plaintiff must recover upon the strength of his own title and not upon the weakness of his adversaries. We think that, in view of this rule and the two sections of the statutes just quoted, the plaintiff's evidence was insufficient to establish his cause of action.

**4. Same—Reversal.**

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded, with direction to grant a new trial.

Error from District Court, Tulsa County; Owen Owen, Judge.

Action by E. S. Warner against Margaret C. Wickizer and T. C. Wickizer. From judgment for the plaintiff, defendants bring error. Reversed and remanded.

Davidson & Williams, for plaintiffs in error.

Chas. F. Runyan, for defendant in error.

KANE, J. This was an action for the recovery of land commenced by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below. Upon trial to the court there was judgment in favor of the plaintiff as prayed for, to reverse which this proceeding in error was commenced.

The land involved was the allotment of Tecumseh Tiger, a full-blood Creek Indian, who died during the year 1900, before receiving his allotment, the patent therefor being subsequently issued to his heirs. It appears that the allottee left surviving him a nephew, Albert Tiger, and his wife, Judy Tiger. The parties agree that, under the law of succession then in force, these two survivors were the sole heirs of Tecumseh Tiger, and that they inherited his allotment share and share alike. The plaintiff claims title through a conveyance from Albert Tiger to the Iowa Land & Trust Company and a conveyance by the latter company to him. The defendants claim title through a conveyance from Albert Tiger and through

mesne conveyances from the heirs of Judy Tiger, deceased. The evidence shows that the plaintiff was never in actual possession of the land and that defendants took possession in 1907, immediately after receiving their conveyances, and continued in quiet, undisturbed possession until the present time. The petition of plaintiff not only prayed for the recovery of the entire tract of land, but for the recovery of rents and profits during the time defendants had been in possession. The court found that the plaintiff was entitled to the possession of all the land sued for and to recover the sum of $980 as rents and profits from S. M. Ferris and the sum of $420 from the defendants Margaret C. Wickizer and T. C. Wickizer, and entered judgment accordingly. It is to reverse this judgment that this proceeding in error was commenced.

The grounds for reversal relied upon by counsel for plaintiff in error may be briefly summarized as follows:

(1) The trial court erred in sustaining a demurrer to the 3rd and 7th paragraphs of defendants' answer.

(2) The court erred in overruling defendants' demurrer to the evidence.

(3) Counsel for plaintiffs in error state their third assignment of error in their brief as follows:

"Assuming, for the sake of argument, that plaintiff, Albert Tiger, inherited an interest in this land, the fact remains that he did not inherit except an individual one-half interest in it, and that Warner, as one of his successors in title, is a tenant in common with the defendants. If that be true, then Warner could not maintain this action against the defendant, unless his petition alleged that the defendants denied the plaintiff's right to any interest in the land, or did some act amounting to such denial."

We think that each of these assignments of error is well taken. The 3rd paragraph of the answer alleged that the deed from Albert Tiger to the Iowa Land & Trust Company was executed without any consideration, and the 7th paragraph alleged that this deed was procured through fraud, misrepresentation, and deceit of which the plaintiff had notice. These paragraphs of the answer set up a good defense to plaintiff's cause of action under the rule laid down in the case of Brockman v. Roberts, 89 Okla. 57, 213 Pac. 543.

The remaining assignments of error may be discussed together. The court found that the deed from Albert Tiger to the Iowa Land & Trust Company was a valid deed, prior in time and superior to the

deed from the same source through which the defendants claim title to an undivided one-half interest in the land. But, assuming that this is correct, this deed, as we have seen, conveyed only an undivided one-half interest in the land to the plaintiff, or his grantees. The defendants also claim the right of possession through a deed from the heirs of Judy Tiger. The court found that the children of Judy Tiger surviving inherited her interest in the land, and that they executed deeds therefor to the defendants, or to those through whom they are claiming "but that said deeds were void because said deeds were not approved by the county court." Therefore, he concludes the possession of the defendants was unlawful and the plaintiff was entitled to the possession of all the land sued for. We think the court was wrong in this conclusion. As we view it, the deeds from the heirs of Judy Tiger are unassailable by the plaintiff in this case. He claims only an undivided one-half interest which he derived through deeds from Albert Tiger. Neither the heirs of Judy Tiger nor their heirs or assigns are questioning the title or right of possession of the defendants deraigned from them. In our judgment, they are the only ones who can do this, in so far as title or right of possession was deraigned through the heirs of Judy Tiger or their assigns.

The status of the plaintiff, at best, must be that of a tenant in common with either the heirs of Judy Tiger, or their heirs or assigns, or with the defendants. In these circumstances, we think the validity of the deeds from Judy Tiger to the defendants or their assigns and the possession gained thereunder cannot be, or, at least, ought not be, inquired into until they are assailed by the heirs of Judy Tiger, or their assigns, or the United States acting for the heirs, they being full-blood Creek Indians, Section 467, Comp. Stat. 1921, provides as follows:

"In actions for the recovery of real property, it shall be necessary for the plaintiff to set forth in detail the facts relied upon to establish his claim, and to attach to his petition copies of the deeds or other evidences of title, as in actions upon written contracts; and he must establish the allegations of his petition, whether answer be filed or not."

Section 469, Comp. Stat. 1921, provides as follows:

"In an action, by a tenant in common of real property, against a cotenant, the plaintiff must, in addition to what is required in the second preceding section (sec. 467),

state, in his petition, that the defendant either denied the plaintiff's right, or did some act amounting to such denial."

It is quite true that in his petition the plaintiff claims the entire tract of land, but the evidence, without material controversy, shows the foregoing state of facts. We think that, in these circumstances, where the evidence conclusively shows that the defendants are entitled to the status of tenants in common as against the plaintiff, before the plaintiff is entitled to recover, he must show that the defendants either denied the plaintiff's right or did some act amounting to such denial. In the case at bar, the plaintiff contented himself by introducing in evidence the allotment deeds to Tecumseh Tiger, the deed from Albert Tiger to the Iowa. Land & Trust Company, the deed from the Iowa Land & Trust Company to the plaintiff, and the testimony of a notary public to the effect that he took the acknowledgment of the deed that was made to the Iowa Land & Trust Company. The testimony of the plaintiff, Warner, related solely to the value of the rents and profits.

It is a well-settled principle of law that in an action in ejectment the plaintiff must recover upon the strength of his own title, and not upon the weakness of his adversaries. We think that, in view of this rule and the two sections of the statutes just quoted, the plaintiff's evidence was insufficient to establish his cause of action.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded, with direction to grant new trial and proceed in accordance with the views herein expressed.

JOHNSON, C. J., and McNEILL, KENNAMER, and HARRISON, JJ., concur.