1998 ME 259

## J. Howison SCHROEDER

v.

## RYNEL, LTD., INC.

Supreme Judicial Court of Maine.

Argued Oct. 6, 1998.
Decided Dec. 9, 1998.

Michael J. Waxman (orally), Portland, attorney for the appellant.

Robert J. Keach (orally), Gayle H. Allen, Bernstein, Shur, Sawyer & Nelson, Portland, attorneys for the appellee.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, Justice.

[¶ 1] J. Howison Schroeder appeals from a judgment entered in the Superior Court (Cumberland County, *Mills, J.*) granting Rynel, Ltd., Inc.'s (Rynel) motion for a summary judgment. On appeal, Schroeder argues, inter alia, that the trial court erred when it enforced a contractual choice of law provision requiring the application of Delaware law to a dispute arising from an employment agreement between Schroeder and Rynel. We disagree and affirm the judgment of the Superior Court.

[¶ 2] In September 1993, Schroeder signed an employment agreement to serve as the chief financial officer and chief operating officer of Rivers Engineering, doing business as Rynel, Ltd. The employment agreement pro-

vided that "[t]he interpretation and construction of this Agreement, and all other matters relating hereto, shall be governed by the laws of the State of Delaware."

[¶ 3] When the parties signed the employment agreement, Schroeder resided in Pennsylvania and Rynel was a Maine corporation with its principal place of business in Maine. Rynel, however, had plans to incorporate in Delaware at the urging of potential investors who sought a predictable body of corporate law to govern their investment. These investors wanted Delaware law to govern all material contracts, including executive employment contracts. Schroeder supported and encouraged Rynel's incorporation in Delaware. Rynel incorporated as a Delaware corporation in March 1994.

[¶ 4] In December 1995 Mid–Atlantic Holdings, L.P., agreed to provide financing for Rynel subject to certain conditions. The Mid–Atlantic agreement required Rynel to defer 50% of the salaries of management employees, including Schroeder, and not reinstate these management salaries to their prior levels or pay the deferred amounts until (1) the Board of Directors voted to approve the action, (2) Rynel paid in full certain outstanding loan balances, and (3) Fleet Bank released certain loan guarantors. The Board of Directors was reconfigured to include Schroeder, and Schroeder agreed to these conditions.

[¶ 5] Beginning in January 1997 Schroeder made demands for "past due compensation" to the Board of Directors and the President of Rynel, and he threatened to quit if Rynel did not pay him the amounts requested. Because Rynel had not satisfied all of the conditions set forth in the MidAtlantic agreement, Rynel refused to pay Schroeder his "past due compensation." Finally, in May 1997 Schroeder wrote to the President of Rynel stating that "[i]n view of the failure of Rynel to pay unpaid salary and benefits owed to me ... I consider that I have been terminated by the Company without cause."

[¶ 6] Schroeder filed a complaint in the Superior Court against Rynel for outstanding salary and benefits owned to him in violation of 26 M.R.S.A. §§ 621 and 626 (1988 & Supp. 1998).[1] Schroeder did not seek recovery pursuant to any provision of Delaware law. Rynel moved to dismiss the complaint, arguing that the employment agreement provided that Delaware law governs all matters related to the employment agreement and that Schroeder had only alleged violations of Maine law. The court treated Rynel's motion to dismiss as a motion for a summary judgment. The court granted a summary judgment for Rynel, and Schroeder appealed.

## I. CONTRACTUAL CHOICE OF LAW PROVISION

[¶ 7] The trial court may enter a summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements required by [M.R. Civ. P.] 7(d) show that there is no genuine issue as to any material fact set forth in those statements and that any party is entitled to a judgment as a matter of law."

---

1. Title 26 M.R.S.A. § 621 provides in pertinent part:

    **Time of Payment**
    . . . .
    **2. All employers; payment of balance of hourly wages.**
    Any employer ... shall pay to its employee, on or before the employee's next regularly scheduled payday, the balance of the employee's earned hourly wages due to be paid which were not paid on the date normally scheduled for payment of those wages.
    26 M.R.S.A. § 621 (1988 & Supp.1998).
    Title 26 M.R.S.A. § 626 provides in pertinent part:
    **Cessation of Employment**
    An employee leaving employment must be paid in full within a reasonable time after demand at the office of employer where payrolls are kept and wages are paid....
    . . . .
    An action for unpaid wages under this section may be brought by the affected employee or employees or by the Department of Labor on behalf of the employee or employees. An employer found in violation of this section is liable for the amount of unpaid wages and, in addition, the judgment rendered in favor of the employee or employees must include a reasonable rate of interest, an additional amount equal to twice the amount of those wages as liquidated damages and costs of suit, including a reasonable attorney's fee.
    . . . .
    26 M.R.S.A. § 626 (Supp.1998).

M.R. Civ. P. 56(c). "On appeal from a grant of summary judgment, we view the evidence in the light most favorable to the nonprevailing party, and review the trial court decision for errors of law." *Greenvall v. Maine Mutual Fire Ins. Co.*, 1998 ME 204, ¶ 5, 715 A.2d 949, 951.

■■■ [¶ 8] In accordance with past decisions favoring the use of the Restatement to resolve choice of law disputes, we adopt the guidelines of the Restatement (Second) Conflicts of Laws section 187(2) to interpret this contractual choice of law provision. *See, e.g., Harbor Funding Corp. v. Kavanagh*, 666 A.2d 498, 500 (Me.1995) (applying Restatement section 229); *Collins v. Trius, Inc.*, 663 A.2d 570, 572–73 (Me.1995) (applying Restatement sections 145 and 146); *Baybutt Constr. Corp. v. Commercial Union Ins. Co.*, 455 A.2d 914, 918 (Me.1983) (applying Restatement section 188). Pursuant to section 187(2), we will enforce a contractual choice of law provision "unless either (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) the application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue...." RESTATEMENT (SECOND) CONFLICTS OF LAWS § 187(2) (1971). Applying section 187(2), we conclude that the contractual choice of law provision in Schroeder's employment agreement requires that Delaware law govern this dispute.

[¶ 9] A substantial relationship exists between Delaware and the employment agreement because Rynel is incorporated in Delaware. *See* RESTATEMENT (SECOND) CONFLICTS OF LAWS § 187(2)(a) (1971). Incorporation in a state constitutes a substantial relationship. *See Valley Juice Ltd., Inc. v. Evian Waters of France, Inc.*, 87 F.3d 604, 608 (2d Cir.1996); RESTATEMENT (SECOND) CONFLICTS OF LAW § 187 cmt. f (1981). At the time Schroeder signed the Employment Agreement Rynel was engaged—with Schroeder's encouragement—in the process of incorporating in Delaware. Rynel incorporated in Delaware only six

months after Schroeder signed the employment agreement. Consequently, Rynel has a substantial relationship to Delaware. *See* RESTATEMENT (SECOND) CONFLICTS OF LAW § 187 cmt. f (1981).

[¶ 10] In addition, a reasonable basis existed for the parties choice of Delaware law. *See* RESTATEMENT (SECOND) CONFLICTS OF LAW § 187(2)(a) (1981). If parties choose a state's laws to govern because of that state's well-known and established body of law, then a court will enforce that choice of law provision. *See Valley Juice Ltd., Inc.*, 87 F.3d at 608 (enforcing parties choice of New York law to govern general distribution agreement because of highly developed body of New York commercial law); RESTATEMENT (SECOND) CONFLICTS OF LAW § 187 cmt. f (1971) ("[P]arties to a contract for the transportation of goods by sea between two countries with relatively undeveloped legal systems should be permitted to submit their contract to some well-known and highly elaborated commercial law."). At the time of the contract, investors urged Rynel to incorporate in Delaware to avail itself of an established body of corporate law, including law governing employment contracts. Therefore, a reasonable basis existed for selecting Delaware law to govern employment disputes arising from Schroeder's employment agreement.

[¶ 11] Schroeder contends that pursuant to section 187(2)(b), we cannot enforce the contractual choice of law provision because 26 M.R.S.A. §§ 621 and 626 represent a fundamental policy of Maine that would be frustrated by the application of Delaware law to this dispute. We disagree.

■■■ [¶ 12] We will not enforce a contractual choice of law provision if the "application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue...." RESTATEMENT (SECOND) CONFLICTS OF LAWS § 187(2)(b) (1971). Assuming sections 621 and 626 set forth a fundamental policy of Maine, the application of Delaware law to Schroeder's claim only violates that policy if there are "significant differences in the application of the law of the two states." *Banek, Inc. v. Yogurt Ven-*

*tures U.S.A., Inc.*, 6 F.3d 357, 362 (6th Cir. 1993) (quoting *Tele–Save Merchandising Co. v. Consumers Distrib. Co.*, Ltd., 814 F.2d 1120, 1123 (6th Cir.1987)). We will not refuse to apply Delaware law merely because a different *result* would be reached pursuant to Maine law. *See, e.g.*, RESTATEMENT (SECOND) CONFLICTS OF LAW § 187 cmt. g (1971); *Tele–Save*, 814 F.2d at 1123; *Barnes Group, Inc. v. C & C Products, Inc.*, 716 F.2d 1023, 1031 (4th Cir.1983). After examining the relevant statutory provisions pursuant to Maine and Delaware law, we decline to hold unenforceable the choice of law provision on the ground that the application of Delaware law to Schroeder's claim violates a fundamental policy of Maine. *Compare* 26 M.R.S.A. § 626 (Supp.1998) *with* DEL.CODE ANN. tit. 19, §§ 1103, 1112, and 1113 (1995) (governing liquidated damages, attorney fees, and civil penalties for witholding employees' unpaid wages).

[¶ 13] The trial court did not err when it upheld the choice of law provision providing that Delaware law applies to disputes arising from the employment agreement. Schroeder only pled violations of Maine law, and, as a result, the trial court did not err when it granted a summary judgment for Rynel.

## II. CONTRACT OF ADHESION

■ [¶ 14] Finally, Schroeder argues that he has raised a genuine issue of material fact regarding his defense that the employment agreement was a contract of adhesion. We disagree.

[¶ 15] In his affidavit in response to Rynel's motion to dismiss, Schroeder alleged that (1) Rynel drafted the employment agreement, (2) he negotiated the employment agreement without attorney representation, and (3) Rynel presented the employment agreement to him with "little or no opportunity to dicker about its terms." A contract of adhesion requires some element of "overreaching" by a party who exploits a "vastly unequal bargaining position." *See Dairy Farm Leasing Co., Inc. v. Hartley*, 395 A.2d 1135, 1139 n. 3 (Me.1978) (discussing principles of a contract of adhesion). Schroeder's assertions fail to raise a genuine issue of material fact with respect to the defense that

the employment agreement was a contract of adhesion.

The entry is:

Judgment affirmed.

