STATE OF MAINE

YORK, ss.

DONALD L. GARBRECHT
LAW LIBRARY

JAN 6 2000

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-056

GAB-YOK 1/3/2000

MARY JO SMITH and
THOMAS SMITH,

     Plaintiffs

v.

CONCORD GENERAL MUTUAL
INSURANCE COMPANY,

     Defendant

ORDER ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Pending is Defendant's Motion for Summary Judgment. For reasons stated below, the Motion is Denied.

## FACTS

On or about October 13, 1996 Mary Jo Smith and Thomas Smith ("the plaintiffs") were occupying a van insured by Concord General Mutual Insurance Company ("the defendant") when it was struck by a vehicle driven by Carol Whitten. Ms. Whitten's automobile was insured by Acadia for bodily injury liability in the amount of $20,000 per person with maximum liability of $40,000. Thomas and Mary Smith, who were injured in the accident, settled their claims with Acadia for $15,000 and $19,000, respectively. Prior to reaching the settlement agreement the plaintiffs neither sought nor obtained the consent of the defendant.

The Smiths' van in turn was insured in the name of Mr. Smith's business, the Tom Company ("the Company"). The Company was incorporated in New Hampshire. The defendant was a New Hampshire insurance company and the

policy was issued by a New Hampshire insurance agency. Although the van was also registered in New Hampshire, it was garaged at the plaintiffs' residence in York, Maine. Mr. Smith also stored his tools and equipment and operated the business out of his home in York. He conducted seventy-five percent of the Company's business in Maine and the rest in New Hampshire. The Company received its mail and paid corporate income tax in New Hampshire.

After the plaintiffs settled with Acadia, they sought additional compensation from the defendant, pursuant to the policy provision on the van which included underinsurance coverage. The plaintiff's claim was subsequently denied. The defendant cited New Hampshire law as precluding recovery; the plaintiff had opted to settle for less than the maximum amount of coverage without the prior consent of the defendant. In response, the plaintiff brought suit against the defendant. The defendant now brings this motion for summary judgment.

## DISCUSSION

Maine, as the forum state, applies its choice of law rules. The leading Maine case in choice of law conflicts pertaining to insurance contracts is *Baybutt Cons. Corp. v. Commercial Union Ins. Co.*, 455 A.2d, 914 (Me. 1983). In *Baybutt*, the Court stated that Maine's choice of law rule in contract cases requires that the law of the state with the most significant relationship to the parties and the transaction should control. *Id* at 918.

*Baybutt* states that the parties' understanding of the location of the insured risk is ordinarily the most important factor in ascertaining which state's law should

2

control (absent an express provision in the contract). *Id..* The place of risk is identified as the state in which the insured vehicle is primarily garaged. One Maine Federal District Court case cites *Baybutt* as stating that the location of the risk is the most significant factor among the relationships between the states and that the location of this risk is where the insured vehicle is primarily garaged. *See McCallaster v. Bruton*, 655 F. Supp. 1371, 1373 D.Me. (1987). In the instant case, neither party disputes that the plaintiffs' van was garaged in York, Maine.

The fact that the van was garaged in Maine is not however *ipso facto*, dispositive of the issue of which state's law should control. In *McAllaster*, Maine Federal District Court, construing *Baybutt* stated that while the location of the insured risk is the most significant factor, "the Court's inquiry cannot end there. The Court must also determine whether any other state has a more significant relationship to the transaction and the other parties." *See id.*

Additional factors, including where the business is incorporated, should be given some weight. "Incorporation in a state constitutes a substantial relationship." *Schroeder v. Rynel, Ltd., Inc.* 720 A.2d 1164, 1166 (Me. 1998) *citing Valley Juice Ltd., Inc. v. Evian Waters of France, Inc.*, 87 F.3d 604, 608 (2d Cir. 1996).

In the instant case, the plaintiffs availed themselves of the benefits of New Hampshire law when they chose to incorporate the Company in that State. They did so deliberately, acting upon the advice of their attorney. Subsequently, the Company conducted twenty-five percent of its business in the State of New Hampshire; which in turn collected the Company's corporate income tax. The

contract in dispute was issued by a New Hampshire insurance company through a New Hampshire insurance agency. It is not unreasonable to infer that the parties intended New Hampshire law to govern the Company's business dealings.

The question becomes: does New Hampshire's interest in applying its law to the facts of this case outweigh Maine's interest?

In this case the plaintiffs live in Maine; the insured vehicle was principally garaged in Maine; the accident occurred in Maine between Maine residents and both the insured (the Tom Company) and the insurer (Concord General) do business in Maine. Using the *Baybutt* analysis, Maine has the most significant relationship to the parties and the transaction.

The entry will be as follows:

Defendant's Motion for Summary Judgment is Denied.

The clerk may incorporate this order in the docket by reference.

Dated: January 03, 2000

G. Arthur Brennan
Justice, Superior Court

Ronald R. Coles, Esq. - PL
Wendell Large, Esq. - DEF

4