STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICESUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-560

2004 FEB 26 P 4: 21 REC-CUM-2/26/2004

HERBERT GINN
                    Plaintiff

        v.

DONALD L. GARBRECHT
LAW LIBRARY

MAY 12 2004

ORDER ON
DEFENDANT'S MOTION
TO DISMISS

OVERSEAS ADVENTURE TRAVEL
                    Defendant.

---

## BEFORE THE COURT

Before the court is Defendant's Motion to Dismiss for lack of jurisdiction pursuant to M. R. Civ. P. 12.

## FACTUAL BACKGROUND

On or about February 2, 2003, Plaintiff contracted with Grand Circle LLC d/b/a Overseas Adventure Travel ("OAT") to purchase a trip for himself and his wife from OAT. The trip Plaintiff purchased had a departure date of June 11, 2003. When he booked the trip, Plaintiff was offered the option of purchasing Trip Mate Insurance Company's Travel Protection Plan through OAT, which provides a full refund in the event a trip is cancelled for medical or select other reasons. Plaintiff declined this offer. On or about June 9, 2003, due to a medical emergency, Plaintiff cancelled his trip. At that time, Plaintiff requested that OAT change the reservations so that his son-in-law and grandson could take the trip in place of Plaintiff and his wife. OAT denied his request and Plaintiff became subject to a 100% cancellation fee because he cancelled his trip only two days prior to departure.

On September 15, 2003, Plaintiff filed a three-count complaint against OAT. In Count I, Plaintiff alleges that OAT's refund policy is illegal and unenforceable and requests that the court declare it as such. He also requests that the court award

damages in the amount he paid for his trip, as well as such other relief as the court deems just and appropriate. In Count II, Plaintiff claims that OAT violated Maine's Unfair Trade Practices Act ("UTPA") and requests that the court declare OAT in violation of the Act. In addition, Plaintiff requests that the court award Plaintiff restitution in the amount of payment made to Defendant for Plaintiff's cancelled trip, award Plaintiff reasonable costs and attorneys fees pursuant to the Act, and award such other relief as the court deems just and appropriate. In Count III, Plaintiff makes a Quantum Meruit claim and requests that the court grant judgment in his favor, award damages, and award such other relief as the court deems just and appropriate.

On October 14, 2003, OAT moved to dismiss Plaintiff's Complaint based on a forum selection and choice of law clause within a "General Terms and Conditions" agreement included in the catalog that Defendant allegedly used to book his trip. Defendant claims that because these terms and conditions govern the contractual relationship between the parties, this court lacks jurisdiction under M. R. Civ. P. 12. The clause reads, in pertinent part:

> "This relationship shall be governed by the laws of the Commonwealth of Massachusetts. Any claims against OAT must be brought in the Courts of the Commonwealth of Massachusetts, to the exclusion of the Courts of any other state and country . . ."

(Pedersen Aff. Ex. A.)


## DISCUSSION

Plaintiff claims that the clause cited by Defendant is not part of a binding contract between the parties because the "General Terms and Conditions" agreement in the OAT's catalog constitutes an invitation to make an offer, rather than an offer that binds OAT upon acceptance. The court disagrees and finds that the forum selection and applicable law clause provisions are part of a binding contract between the parties.

Although catalog advertisements are not ordinarily intended or understood as offers to sell, where advertisements include "language of commitment" or "some invitation to take action without further communication," they may be deemed offers. Restatement of the Law, Second, Contracts, § 26 (1981); compare Lefkowitz v. Great Minneapolis Surplus Store, 86 N. W. 2d 689 (1957) (holding that an advertisement that was clear, definite, and explicit, and left nothing open for negotiation constituted an offer) with Zanakis-Pico v. Cutter Dodge, Inc., 47 P.3d 1222 (Haw. 2002) (holding that an advertisement conditioned on "approved credit" was not deemed an offer).

Here, Plaintiff booked OAT's *Machu Picchu & Galapagos* tour from a catalog entitled, "The Best of OAT 2003." See Pederson Aff. ¶ 4. The advertisement for the trip includes both language of commitment and an invitation to take action without further communication. The advertisement states:

> The easiest way to reserve any Overseas Adventure Travel Program is to charge your deposit by phone . . . By booking a trip, you agree to be bound by these Terms and Conditions . . . A deposit of $300 per person is required to secure your reservation . . . All OAT trips and their extensions are limited to no more than 16 passengers . . .

(Pedersen Aff. Ex. A at 1-2.)

While OAT's offer does contain a clause that reserves OAT's right to decline to accept or retain any person as a member of the tour, see id. at 2, this clause is listed under the heading, "RESPONSIBILITY" and, read in the context in which it is written,[1] does not make the entire contract illusory. See McCarthy v. U.S.I. Corp., 678 A.2d 48, 52 (Me. 1996) (holding "a contract should be construed viewing it as a whole").

In addition, the forum selection clause in the parties' agreement is enforceable. The United States Supreme Court has held that although forum selection clauses have not been historically favored, they are prima facie valid. See Carnival Cruise Lines v. Shute, 499 U.S. 585, 589 (1991) (citing The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 9-

---

[1] The clause is included among other clauses limiting OAT's liability.

10 (1972)). An agreement between parties as to the place of action will be given effect unless it is unfair or unreasonable. Restatement (Second) Conflict of Laws § 80 (1989); [2] see HLC Fin. v. Dave Gould Ford Lincoln Mercury, Inc., CV-03-334 (Me. Super. Ct., Cum. Cty., Sept. 24, 2003) (Cole, J.)

In the present case, enforcing the forum selection clause is neither unfair nor unreasonable. While the forum selection clause may be part of an adhesion contract,[3] adhesion contracts are not per se unenforceable. Restatement of the Law, Second, Contracts, § 208, cmt. a. (1981); see also Alexander v. Anthony Int'l, L.P., 341 F.3d 256, 265 (3d Cir. 2003); Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 170 F.3d 1, 19 (1st Cir. 1999) (holding that adhesion contracts are generally enforceable); Bull HN Info. Sys. v. Hutson, 229 F.3d 321, 331 (1st Cir. 2000) (holding that adhesion contracts are enforceable unless they are unconscionable or unfair).

In Carnival, the United States Supreme Court held that the plaintiffs were bound by the terms of the forum selection clause contained in a non-negotiated preprinted form. Carnival, 499 U.S. at 587. In that case, the plaintiffs actually purchased their tickets and completed their sale before they actually received notice of the forum selection clause in the mail. Id. The Supreme Court determined that because the plaintiffs could have returned the tickets once they had notice of the forum selection clause, the clause was enforceable. Id.

Here, Plaintiff was provided with actual notice of the terms of the agreement before he accepted OAT's offer. See Pederson Aff. Ex. A ¶¶ 3-4 (stating that since

---

[2] When interpreting choice of law provisions, the Law Court has repeatedly relied on the guidelines set forth in the Restatement (Second) Conflict of Laws. See e.g., Schroeder v. Rynel, Ltd., 1998 ME 259, ¶ 8, 720 A.2d 1164, 1166 (applying Restatement section 187(2); Harbor Funding Corp. v. Kavanagh, 666 A.2d 498, 500 (Me. 1995) (applying Restatement section 229); Collins v. Trius, Inc., 663 A.2d 570, 572-73 (Me. 1995) (applying Restatement sections 145 and 146); Baybutt Constr. Corp. v. Commercial Union Ins. Co., 455 A.2d 914, 918 (Me. 1983) (applying Restatement section 188). Accordingly, the court finds it appropriate to rely on the Restatement in its determination of a forum selection provision.

October 9, 2002, Plaintiff has received 29 catalogs from OAT, that every catalog mailed by OAT contains OAT's General Terms and Conditions, and that Plaintiff booked his tour from an OAT catalog). Hence, Plaintiff had more of an opportunity than the plaintiffs in Carnival to review the terms of the agreement before agreeing to the forum selection clause.

In addition, the forum selection clause is reasonable and fair for several other reasons. First, OAT has a special interest in limiting the fora in which it potentially could be subject to suit. Because OAT contracts with individuals from many locales, it is not unlikely that a mishap on one of its trips could subject OAT to litigation in several different fora. See Carnival, 499 U.S. at 593; The Bremen, 407 U.S., at 13, and n. 15. In addition,

> a clause establishing ex ante the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions.

See Carnival, 499 U.S. at 593-94 (citation omitted). Finally, forum selection clauses such as the one in the parties' agreement benefit the individuals who purchase trips with OAT in the form of reduced trip packages reflecting the savings OAT enjoys by limiting the fora in which it may be sued. See id. at 594 (citation omitted).

Given that the court determines that any claims against OAT must be brought in the courts of the Commonwealth of Massachusetts, the court does not reach the issue of whether the applicable law provision is enforceable.

---

[3] See Black's Law Dictionary 318-19 (7th ed. 1999) (defining adhesion contract as a "standard-form contract prepared by one party, to be signed by the party in a weaker position, usu. a consumer who has little choice about the terms").

The entry is

Defendants' Motion to Dismiss is GRANTED.

Dated at Portland, Maine this 26th day of February 2004.

Robert E. Crowley
Justice, Superior Court

HERBERT E. GINN  - PLAINTIFF

Attorney for: HERBERT E. GINN
PETER RUBIN
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029


Attorney for: HERBERT E. GINN
THEODORE SMALL
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029



vs
OVERSEAS ADVENTURE TRAVEL PARTNERS, INC. - DEFENDANT

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 09/15/2003

## Docket Events:

09/15/2003 FILING DOCUMENT - COMPLAINT FILED ON 09/15/2003
          WITH EXHIBIT'S A THRU C.

09/15/2003 Party(s):  HERBERT E. GINN
          ATTORNEY - RETAINED ENTERED ON 09/15/2003
          Plaintiff's Attorney: PETER RUBIN

09/15/2003 Party(s):  HERBERT E. GINN
          ATTORNEY - RETAINED ENTERED ON 09/15/2003
          Plaintiff's Attorney: THEODORE SMALL

09/15/2003 Party(s):  HERBERT E. GINN
          NOTE - OTHER CASE NOTE ENTERED ON 09/15/2003
          PLAINTIFF'S SUMMARY SHEET FILED.

09/29/2003 Party(s):  HERBERT E. GINN
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 09/29/2003

09/29/2003 Party(s):  HERBERT E. GINN
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 09/22/2003
          UPON OVERSEAS ADVENTURE TRAVEL TO DIANE SANTANGELO STAFF ACCOUNTANT AND AGENT AUTHORIZED
          TO ACCEPT SERVICE.  (LLS)

10/15/2003 Party(s):  OVERSEAS ADVENTURE TRAVEL PARTNERS, INC.
          MOTION - MOTION TO DISMISS FILED WITH AFFIDAVIT ON 10/14/2003
          WITH SUPPORTING MEMORANDUM OF LAW; AFFIDAVIT OF CHRISTOPHER PEDERSEN WITH EXHIBIT A;
          REQUEST FOR HEARING; PROPOSED ORDER AND CERTIFICATE OF SERVICE.  DB

11/04/2003 Party(s):  HERBERT E. GINN
          OTHER FILING - OPPOSING MEMORANDUM FILED ON 11/04/2003
          PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS WITH EXHIBITS A AND B AND 1 AND 2.