STATE OF MAINE  
CUMBERLAND, ss.

STATE OF MAINE  
CUMBERLAND, SS  
CLERK'S OFFICE

SUPERIOR COURT  
CIVIL ACTION  
DOCKET NO. CV-04-489

SCOTIA PRINCE CRUISES LIMITED  
f/d/b/a PRINCE OF FUNDY CRUISES and  
PRINCE OF FUNDY CRUISES LIMITED,

and

PENDLE SHIPPING COMPANY LIMITED

        Plaintiffs

APR 20 2005

        v.

ORDER ON DEFENDANT'S  
MOTION TO DISMISS

PRICEWATERHOUSECOOPERS  
        Defendant.[1]

This matter is before the court on defendant, PricewaterhouseCooper's (PwC or defendant) motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## FACTUAL BACKGROUND

On or about August 18, 2000, Plaintiff Pendle Shipping Company Limited ("Pendle"), a foreign corporation located in the British Virgin Islands, purchased all of the shares of plaintiff, Scotia Prince Limited ("Scotia"), through a transaction with Transworld Steamship Company (Bermuda) Limited ("Seller") for twenty-eight million dollars ($28,000,000.00). Scotia is a foreign corporation, incorporated in Bermuda and

---

[1] The complaint, as originally filed, also named PricewaterhouseCoopers International Limited as a defendant. On February 23, 2005, however, this court granted the parties' stipulated motion to dismiss without prejudice plaintiffs' claims against PricewaterhouseCoopers International Limited. PricewaterhouseCoopers International Limited is, therefore, no longer a party to this action and its motion to dismiss, filed before this court's February 23, 2005 order, is no longer before the court.

registered to do business in Maine, that is engaged in the cruise ferry business. Scotia operates the vessel M/S Scotia Prince which transports passengers, vehicles and cargo between Portland, Maine and Yarmouth, Nova Scotia.

Prior to the transaction, Scotia engaged Defendant PricewaterhouseCoopers to perform audits of the books and records of Scotia to determine whether the financial statements of the company presented fairly and accurately, in all material respects, the financial position of Scotia and the results of its operations and cash flow in accordance with generally accepted accounting principles for Bermuda and Canada.

Scotia and Pendle allege that the purchase price for the transaction was based, among other things, upon the valuation and representation of defendant that $28,000,000.00 was less than or equal to the fair market value of Scotia. Plaintiffs allege that the audits conducted by the defendant in 1998 and 1999 "were neither accurate nor complete." Compl. ¶ 17. Due to the alleged failure of PwC to accurately report Scotia's assets and liabilities, plaintiffs allege that the true financial condition of Scotia did not support the $28,000,000.00 purchase price.

Based on the allegations set forth in their complaint, Scotia has asserted claims against defendant for: 1) Breach of contract;  2) negligence; and 3) negligent/fraudulent misrepresentation.  Pendle has also brought claims against PwC for negligent/fraudulent misrepresentation.

## DISCUSSION

In reviewing a motion to dismiss for failure to state a claim upon which relief may be granted, the court considers allegations of the complaint as if they were admitted and in the light most favorable to the plaintiff. *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43, 47. "A dismissal should only occur when it appears 'beyond doubt that a plaintiff is entitled to no relief under any set of facts that

he might prove in support of his claim.'" *McAfee v. Cole,* 637 A.2d 463, 465 (Me. 1994) (quoting *Hall v. Bd. of Envtl. Prot.,* 498 A.2d 260, 266 (Me. 1985)).

Initially, defendant based its arguments in support of dismissal on Maine law. In response, however, plaintiffs argued that under a choice of law provision contained in the PwC engagement letter, Bermuda law applies. Defendant thereafter conceded, at least for the purposes of its motion to dismiss, that Bermuda law applies but continued to maintain that, under applicable law, plaintiffs' complaint fails to state any claim upon which relief can be granted.

Count I: Breach of Contract

*Choice of Law*

Pursuant to the terms of the PwC and Scotia's 1999[2] contract, the "agreement shall be governed by and construed in accordance with the laws of Bermuda."[3] *Baltay Aff. at Ex. A, p. 5.* In Maine, when determining whether to enforce a choice of law provision in a contract, courts are guided by the choice of law analysis outlined in the Restatement. *See Schroeder v. Rynel, Ltd.,* 1998 ME 259, ¶ 8, 720 A.2d 1164, 1166. The Law Court has adopted section 187(2) of the RESTATEMENT (SECOND) CONFLICTS OF LAWS (1971) which provides:

> The law of the state chosen by the parties to govern their contractual rights and duties will be applied ... unless either (a) the chosen state has no

---

[2] The terms of the 1998 contract do not include a choice of law provision. Neither of the parties explicitly argues that the governing law as to the 1998 and 1999 contracts differs. Rather, plaintiff's choice of law argument appears to relate to the auditing agreement between the parties generally. Given that the choice of law analysis applicable in the presence of a choice of law provision is substantially the same as the analysis used without such a provision and given that the circumstances surrounding both contracts are substantially the same, the court's choice of law determination will apply to both contracts. *See Flaherty v. Allstate Ins. Co.,* 2003 ME 72, ¶ 16, 822 A.2d 1159, 1165.

[3] Because the contracts between the parties are referenced in and central to the complaint, the court may consider them without converting the instant motion to dismiss into a motion for summary judgment. *See Moody v. State Liquor & Lottery Comm'n,* 2004 ME 20, ¶ 10, 843 A.2d 43, 48.

substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) the application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue . . . ."

*Schroeder*, 1998 ME 259, ¶ 8, 720 A.2d at 1166 (*quoting* RESTATEMENT (SECOND) CONFLICTS OF LAWS § 187(2)).

Given that Scotia is incorporated in Bermuda, Bermuda has a substantial relationship to the parties. *See id.* ¶ 9, 720 A.2d at 1166. Further, neither of the parties argues, nor does there appear to be a basis for finding, that Maine has a materially greater interest in the issues raised by the complaint or that the application of the laws of Bermuda is contrary to a fundamental policy underlying Maine law. Based on these facts, the court finds no reason not to enforce the parties' choice of law. Therefore, in accordance with the parties' agreement and in recognition of the fact that neither party contests the application of Bermuda law in this case, the court concludes that Bermuda law applies to Scotia's breach of contract claim.

*The Merits of the Motion to Dismiss Count I*

At oral argument on the instant motion, the parties agreed that the common law of contracts in Bermuda is substantially the same as the common law in Maine. In Maine, in order to properly assert a breach of contract claim a party must allege not only the existence of an enforceable contract but also: "(1) breach of a material contract term; (2) causation; and (3) damages." *Maine Energy Recovery Co. v. United Steel Structures, Inc.*, 1999 ME 31, ¶ 7, 724 A.2d 1248, 1250.

Defendant argues that Scotia has failed to adequately allege a breach of contract claim. According to defendant, under the terms of the contract it was obligated to audit Scotia's financial statements in accordance with generally accepted auditing standards in Bermuda and Canada and, on that basis, render an opinion regarding Scotia's compliance with generally accepted accounting principles in Bermuda and Canada.

4

Defendant argues that rather than alleging a breach of defendant's obligation to review Scotia's financial statements according to generally accepted *auditing* standards, the complaint alleges that Scotia failed to properly keep Scotia's books or comply with generally accepted *accounting* principles. Because it claims that Scotia alleged a breach of an inapplicable duty, defendant seeks dismissal of Count I for failure to state a claim upon which relief can be granted.

The provision that substantially sets out PwC's duties under the contract reads:

> [PwC's] responsibility as auditors of the company is to report to the shareholders whether [Scotia's] annual financial statements present fairly, in all material respects, the company's financial position, results of operations and changes in financial position in accordance with accounting principles generally accepted in Bermuda and Canada. [PwC] will be responsible for performing the audit in accordance with auditing standards generally accepted in Bermuda and Canada. These standards require that we plan and perform the audit to attain a reasonable assurance about whether the financial statements are free of material misstatement. The audit will include examining, on a test basis, evidence supporting the amounts and disclosures in the financial statements, assessing accounting principles used and significant estimates made by management, and evaluating the overall financial statement presentation.

Baltay Aff. Ex. A, p. 1. *See also id.* Ex. B, pp. 1-2.

The contracts further provide that "the financial statements ... are the responsibility of" Scotia's management. *Id.* Ex. A, p. 3; Ex. B, p. 2. Based on the language of the contract, it seems clear that the duty defendant undertook was to use generally accepted auditing standards in its review of the accounting practices of Scotia's management in order to determine whether Scotia's financial statements accurately reflected the financial position of the company. In order for a breach of contract claim to survive a motion to dismiss under M.R. Civ. P. 12(b)(6), the plaintiff must allege a breach of the applicable contractual duty. *See Maine Municipal Health Trust v. Maloney*, 2004 ME 51, ¶ 6, 846 A.2d 336, 338.

Although defendant is correct that at various points throughout the complaint, Scotia seems to use "auditing" and "accounting" interchangeably in

5

reference to the scope of defendant's contractual obligation, *see e.g.* Pls.' Complaint at ¶¶ 41, 68 & 72, the complaint, when taken as a whole, nevertheless adequately pleads a breach of contract claim. Paragraph 17 of the complaint alleges that the "1998 and 1999 PwC audits were neither accurate nor complete," and several other paragraphs of the complaint allege that PwC "failed to discover and correct or at a minimum disclose" various material errors in Scotia's financial statements. *See e.g.* Pls.' Complaint at ¶¶ 19, 25, & 44. These paragraphs, when taken together, allege that PwC failed to adequately audit Scotia's financial records with an eye toward discovering deficiencies in the accounting practices used by Scotia's management. As such, the complaint adequately alleges a breach of PwC's contractual obligations. In addition, paragraph 70 of the complaint alleges that "as a direct and proximate result of PwC's breaches, [Scotia] has suffered monetary damage ...."*Id.* at ¶ 70.

Because the court concludes that Scotia has adequately alleged the elements of a breach of contract claim and because, at the motion to dismiss stage all allegations in the complaint are taken as true and in the light most favorable to the plaintiff, the motion to dismiss Count I for failure to state a claim is DENIED.

Count II: Negligence

Although Bermuda law applies to Scotia's breach of contract claim by virtue of the choice of law provision contained in Scotia and PwC's 1999 contract, that provision does not include the parties' choice of law with respect to potential tort liability. Therefore, in order to determine which law governs Scotia's tort claims, the court must engage in a separate choice of law analysis with respect to those claims. *See Collins v. Trius, Inc.*, 663 A.2d 570, 573 (Me. 1995).

In Maine, the "most significant contacts and relationship" approach, outlined in the RESTATEMENT (SECOND) CONFLICT OF LAWS § 145 (1971), "continues to be used in

6

determining which state's or country's law should be applied" to tort claims. *Flaherty,* 2003 ME 72, ¶ 16, 822 A.2d at 1165.

Under section 145:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
>
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
>> (a) the place where the injury occurred,
>>
>> (b) the place where the conduct causing the injury occurred,
>>
>> (c) the domicile, residence, nationality, place of the parties, and
>>
>> (d) the place where the relationship, if any, between the parties is centered.
>>
>> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Section 6 provides in pertinent part:

> (2) The factors relevant to the choice of the applicable rule of law include
>
>> (a) the needs of the interstate and international systems,
>>
>> (b) the relevant policies of the forum,
>>
>> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
>>
>> (d) the protection of justified expectations,
>>
>> (e) the basic policies underlying the particular field of law,
>>
>> (f) certainty, predictability and uniformity of result, and
>>
>> (g) ease in the determination and application of the law to be applied.

*Id.* (quoting RESTATEMENT (SECOND) CONFLICT OF LAWS § 145 (1971)).

After considering the factors enumerated above, the court concludes that with respect to Scotia's claims in Counts II and III, Bermuda has the most significant relationship both to PwC's allegedly tortious conduct and to the parties. Although Scotia is registered to do business in Maine, it is incorporated in Bermuda, the parties' contract provided that their relationship would be governed by Bermuda law and that the auditing standards under which PwC would conduct its audit are those of Canada and Bermuda. Based on the foregoing, the court concludes that Bermuda law applies to Count II and to the portion of Count III brought by Scotia.

Having determined that Bermuda law applies to Scotia's general negligence claim, the court has reviewed both Bermuda case law and secondary legal sources relating to tort and contract law in Bermuda brought to its attention by the parties. Based upon that review, the court concludes that, under Bermuda law, when a claim arises out of an alleged breach of a contractual obligation, the claim lies solely in contract and may not be brought in tort. *See White v. Conyers, Dill & Pearman* (Civil Appeal No. 31 of 1993, Bermuda).

In *White*, which involved a claim of negligence brought against an attorney, the Court of Appeal for Bermuda addressed the issue of concurrent liability in both tort and contract. In that case, the Court of Appeal cited with approval an earlier decision made by the Privy Council (which is binding on Bermuda courts) in *Tai Hing v. Liu Chong Hing Bank* (1986) A.C. 80, in which the Privy Council stated:

> Their lordships do not believe that there is anything to the advantage of the law's development in searching for a liability in tort where the parties are in a contractual relationship. This is particularly so in a commercial relationship....[T]heir Lordships believe it to be correct in principle and necessary for the avoidance of confusion in the law to adhere to the contractual analysis.

*Id.*

*Based on the holding in Tai Hing, the court in White held: "[I]n Bermuda a* claim against an attorney for failing to exercise due care and skill in the

performance of his duties to his client r

together, the derir:

performance of his duties to his client lies solely in contract." *White* at 6. Taken together, the decision in *Tai Hing*, which involved a contractual relationship between a banker and a customer, and that in *White*, indicate that the current law in Bermuda is that a claim of breach of a professional duty may only be brought in contract and not in tort. *See id; and Columbia Sav. & Loan Ass'n v. American Int'l Group, Inc.*, 1994 U.S. Dist. LEXIS 3804 (S.D.N.Y. March 31, 1994) (explaining that "under California, New York and Bermuda law, a tort claim that is merely a refrained claim for breach of contract will not stand"). Count II of plaintiffs' complaint therefore fails to state a claim upon which relief can be granted and defendant's motion to dismiss, as it relates to that count, is GRANTED.

### Count III: Negligent/Fraudulent Misrepresentation

Both Scotia and Pendle have brought negligent and fraudulent misrepresentation claims against defendant. The court will address the claims of each plaintiff in turn.

*Scotia*

Because the court has concluded that Bermuda law applies both to Scotia's breach of contract claim and its tort claims, the court must examine the viability of Scotia's negligent and fraudulent misrepresentation claims under Bermuda law. Given, however, that the court has determined that, under Bermuda law, Scotia may not sustain simultaneous claims in both contract and tort when those claims allege a failure to exercise due care and skill in the exercise of a contractual duty, *see Smith* at 6, it need not undertake an in-depth analysis of the Bermuda law at least as it relates to a claim for negligent misrepresentation. Scotia's negligent misrepresentation claim is essentially a refrain of its breach of contract claim and, under Bermuda law, lies solely in contract. Therefore, insofar as Count III asserts a claim by Scotia of negligent misrepresentation, defendant's motion to dismiss is GRANTED.

In addition, although the court recognizes that the Bermuda court's decision in *White* precluded claims alleging a failure to exercise due care and skill in the exercise of a contractual duty and not claims alleging intentional, fraudulent misrepresentations, the court is persuaded that the logic in *White* nevertheless extends to Scotia's fraudulent misrepresentation claim as well. The misrepresentations PwC is alleged to have made to Scotia are not representations beyond the scope of the contract but are, instead, the representations PwC was contractually obligated to provide. As such, any claim that they were deficient or false necessarily implicates PwC's performance under the contract. The court therefore concludes that, as pled, Scotia's fraudulent misrepresentation count against PwC is simply a refrain of its breach of contract claim. Because Bermuda law requires that any such claim sound in contract only, Count III insofar as it contains Scotia's claim of fraudulent misrepresentation fails to state a claim upon which relief can be granted and defendant's motion to dismiss is GRANTED.

*Pendle*

With regard to Pendle's claims against PwC for negligent and fraudulent misrepresentation, it is necessary, once again, for the court to engage in the appropriate choice of law analysis. Based on the choice of law analysis outlined above, the court concludes that although Pendle was not a party to the contract between Scotia and PwC, Bermuda nevertheless has the most significant contact and relationship to PwC's allegedly tortious conduct and Pendle's alleged reliance on it.

In the complaint, Pendle alleges that it reasonably relied to its detriment on the financial statements of Scotia as audited by PwC. Complaint at ¶ 82. Pendle further alleges that PwC's "knowingly false statements of material facts and/or its negligent misrepresentations or omissions of material fact" directly and proximately resulted in substantial monetary losses to Pendle. *Id.* at 84. By their terms, these allegations make clear that Pendle's claims stem from its alleged reliance on PwC's audits of Scotia's

books and financial statements. The auditing standards under which PwC reviewed Scotia's financial records were those of Bermuda and Canada. Similarly, Scotia, the company whose stock Pendle purchased, is incorporated in Bermuda. For these reasons and in the interests of uniformity in the law applied as well as the expectations of the parties, the court concludes that Bermuda has the most significant contacts - certainly more significant than Maine - with respect to Pendle's alleged reliance and Bermuda law therefore applies. *See* RESTATEMENT (SECOND) CONFLICT OF LAWS § 145.

In Bermuda, the 1981 Companies Act (the Act) requires that every company registered in Bermuda have its accounts audited annually. Section 13 of the Act provides in relevant part:

> (2) A company limited by shares, or other company having a share capital, shall in its bye-laws make a provision for:
> ...
>> (c) the keeping of its accounts and the laying of financial statements before general meetings of the company; [and]
>>
>> (d) an audit of the accounts of the company once at least in every year by an independent representative of the shareholders.

Section 90 of the Act goes on to require that the auditor, appointed by the shareholders, "audit any financial statements," and "based on the results of his audit ... the auditor shall make a report to the members." *Id.* at § 90(1) & (2). Significantly, section 90 also provides:

> (3A)  No action shall lie against any auditor in the performance of any function as an auditor contemplated by this Act except in the instance of:
>> (a) the company who engaged the auditor to perform such function; or
>>
>> (b) any other person expressly authorized by the auditor to rely on his work.

*Id.*

Based on the above language, it seems clear that the Act explicitly precludes third-parties from maintaining an action against an auditor unless that third-party is

*expressly* authorized *by the auditor* to rely on the auditor's work. In the instant case, Pendle has failed to allege that PwC expressly authorized it to rely on PwC's audits when Pendle was contemplating purchasing Scotia's shares. Instead, Pendle alleges that PwC knew or should have known that Pendle would so rely. Complaint at ¶¶ 82 & 83. Under Bermuda law, therefore, Pendle has failed to state a claim for negligent or fraudulent misrepresentation in accordance with section 90(3A) of the Act upon which relief can be granted and defendant's motion to dismiss as to Count III is hereby GRANTED.

The entry is

Defendant's Motion to Dismiss as it relates to Count I is DENIED.
Defendant's Motion to Dismiss as it relates to Counts II and III is GRANTED

Dated at Portland, Maine this _25ᵗʰ_ day of ___MARCH___, 2005.

_____
Robert E. Crowley
Justice, Superior Court



First Class Mail

First Class Mail

SALLY A BOURGET CLERK
CUMBERLAND COUNTY SUPERIOR COURT
PO BOX 287
PORTLAND ME 04112

PETER BENNETT ESQ
FREDERICK FINBERG ESQ
BENNETT LAW FIRM
PO BOX 7799
PORTLAND ME 04112-7799

First Class Mail

First Class Mail

SALLY A BOURGET CLERK
CUMBERLAND COUNTY SUPERIOR COURT
PO BOX 287
PORTLAND ME 04112

REBECCA S K WEBBER ESQ
JON OXMAN ESQ
LINNELL CHOATE & WEBBER
PO BOX 190
AUBURN ME 04212-0190