STATE OF MAINE
CUMBERLAND, ss.

BUSINESS & CONSUMER COURT
LOCATION: PORTLAND
Docket No. BCD-CIV-2021-01

JONATHAN BECKER,                         )
                                         )
                    Plaintiff,           )
                                         )
        v.                               )    **ORDER GRANTING DEFENDANTS'**
                                         )    **MOTION TO DISMISS**
W.R. BERKLEY CORPORATION, and            )
ACADIA INSURANCE COMPANY,                )
                                         )
                    Defendants.          )

Before the Court is Defendants W.R. Berkley Corporation and Acadia Insurance

Company's motion to dismiss pursuant to M.R. Civ. P. 12(b)(3). Defendants seek dismissal of all

counts asserted by Plaintiff Jonathan Becker on the grounds that venue in this Court is improper.

The Court agrees, and grants Defendants' motion. Mr. Becker is represented by attorneys Glenn

Israel and William Wahrer. Defendants are represented by attorneys Eric Wycoff and Kyle

Noonan.

**FACTS**

All of the claims asserted by Mr. Becker in this lawsuit originate in a series of Restricted

Stock Unit Agreements ("RSU Agreements"). For thirteen years, Mr. Becker worked for Acadia

Insurance Company as its Regional Vice President for its Maine branch. As a member of

Acadia's senior management team, Mr. Becker was eligible to participate in the Stock Incentive

Plan offered by Berkley, of which Acadia is a subsidiary. Pursuant to Berkley's Stock Incentive

Plan, Mr. Becker was awarded a series of restricted stock units in Berkley, beginning in 2007.

Each award of restricted stock units was memorialized in a separate RSU agreement. Over the

1

course of Mr. Becker's thirteen years of employment he received 9,866 shares of Berkley stock. Mr. Becker received his most recently vested restricted stock units in 2016, and also received restricted stock units in 2017 pursuant to an Agreement dated August 15, 2017, and titled "Restricted Stock Unit Agreement, Under the W.R. Berkley Corporation 2012 Stock Incentive Plan, as Amended and Restated Effective June 2, 2015" (the "2017 RSU Agreement").

None of the restricted stock units granted to Mr. Becker in 2017 vested. However, the 2017 RSU Agreement expressly states that Section 19 of the 2017 RSU Agreement shall supersede, replace, and be substituted for any inconsistent provisions in any previous RSU agreement. Section 19 of the 2017 RSU Agreement contains both a choice-of-law provision, and a forum selection clause. Section 19 of the 2017 RSU Agreement states in relevant part that:

> The jurisdiction and venue for any dispute arising under, or any action brought to enforce or otherwise relating to, this Agreement will be exclusively in the courts of the State of Delaware, including the federal courts located in Delaware in the event federal jurisdiction exists. [Mr. Becker] hereby irrevocably consents to the exclusive personal jurisdiction and venue of the federal and State courts of the State of Delaware for the resolution of any disputes arising out of, or relating to, this Agreement and irrevocably waives any claim or argument that the courts of the State of Delaware are an inconvenient forum.

2017 RSU Agreement, § 19 ("Governing Law"). The 2017 RSU Agreement also states that it is governed by Delaware law. *Id.* The 2017 RSU Agreement incorporates the terms and provisions of the 2012 Stock Incentive Plan, Amended and Restated Effective June 2, 2015 ("The Plan") by reference. The Plan does not itself contain a forum selection clause or otherwise address venue.

In late March, 2020, Mr. Becker tendered two weeks' notice of his resignation from Acadia, and accepted a position at Vermont Mutual Insurance Group. After Mr. Becker joined Vermont Mutual, Berkley informed him that he had violated the RSU Agreements and, accordingly, Berkley was entitled to be reimbursed for the restricted stock units that Mr. Becker

2

had received. This lawsuit followed. Likewise, on August 26, 2020, Defendant Berkley initiated an action in United States District Court for the District of Delaware to seek reimbursement from Mr. Becker of the value of his vested restricted stock units as a result of Mr. Becker's alleged breach of the RSU Agreements.

## LEGAL STANDARD

Maine's Law Court has not had the occasion to rule on the proper procedure for seeking dismissal of an action due to a forum selection clause. However, the Superior Court has followed the majority rule of federal courts that "favor a motion to dismiss for improper venue, pursuant to M.R. Civ. P. 12(b)(3). *Advenio Inc. v. Mariner Software, Inc.,* No. BCD-CV-14-63, 2015 WL 1756069, at *3 (Me. B.C.D. Mar. 20, 2015) (citing *Bee Load Ltd. v. BBC Wordlwide LTD,* 2006 WL 2587982, at *3 (Me. Super. May 15, 2006).

"Forum selection clauses are *prima facia* valid and should be enforced unless they are the product of fraud or overreaching or unless enforcement would be unreasonable or unfair or would contravene a strong public policy of the forum." *Advenio Inc.,* 2015 WL 1756069 (citing *Nelson v. CGU Ins. Co. of Can.,* 2003 U.S. Dist. LEXIS 5924, at *5-*6 (Me. Apr. 10, 2003). A party who challenges a forum selection clause as unreasonable, unjust, or unfair must establish "that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain." *HLC Fin. Inc. v. Dave Gould Ford Lincoln Mercury, Inc.,* 2003 WL 22250378 (Me. Super. Ct., Sept. 24, 2003) (citing *Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 18 (1972)).

**DISCUSSION**

Defendants, in their motion to dismiss, assert that because this lawsuit relates to the restricted stock units Mr. Becker received from Berkley, the forum selection clause in the operative RSU Agreement (the 2017 RSU Agreement) mandates dismissal of this action without prejudice to Mr. Becker asserting his claims in the action Berkley initiated in federal court in Delaware. Conversely, Mr. Becker contends that enforcement of the forum-selection clause in the RSU Agreements would be unreasonable, unfair, and would violate Maine's public policy.

As previously stated, "forum selection clauses are *prima facie* valid and should be enforced unless they are the product of fraud or overreaching or unless enforcement would be unreasonable or unfair or would contravene a strong public policy of the forum." *Advenio Inc.,* 2015 WL 1756069. Maine Courts have previously recognized and enforced forum selection clauses. *See Fairchild Semiconductor Corp. v. Third Dimension (3D) Semiconductor, Inc.,* 589 F.Supp. 2d 84, 89 (D. Me. 2008); *see also Camelot Power LLC v. Prospect Energy Corp.,* No. BCD-CV-06-705, 2007 WL 4698273 (Me. B.C.D. Aug. 9, 2007) (dismissing without prejudice to bringing claim in New York, where forum selection clause required any claims relating to applicable agreement be brought in New York).

Section 19 of the 2017 RSU Agreement unambiguously requires any disputes relating to the Agreement be brought in Delaware. Thus, Mr. Becker must establish that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. The Court finds that Mr. Becker does not meet this heavy burden.

**I.  Enforcement of the 2017 RSU Agreement's forum selection clause does not deny Mr. Becker of statutory rights and remedies under Maine law.**

In arguing against dismissal of his claims, Mr. Becker first asserts that Defendants' motion should be denied because enforcement of the forum selection clause, in conjunction with the Delaware choice of law provision, deprives him of his statutory rights and remedies under Maine law. Specifically, Mr. Becker contends that should he be required to bring his claims in Delaware, and under Delaware law, he will be unable to pursue a remedy according to 26 M.R.S. § 629.[1]

Despite Mr. Becker's assertion, the non-viability of his statutory claim is primarily because of the choice of law provision featured in the 2017 RSU Agreement, rather than the forum selection clause. Litigating Mr. Becker's claims in Delaware, instead of this Court, has no effect on the viability of his Section 629 claim. A choice of law provision is just as enforceable by this Court as a Delaware court, and would apply regardless of the forum. Further, Maine Courts will not refuse to apply the law required by a choice of law provision merely because a different result would be reached pursuant to Maine law. *See Schroeder v.Rynel, Ltd. Inc.,* 1998 ME 259, ¶ 12, 720 A.2d 1164.

Although Mr. Becker does not directly challenge the enforceability of the 2017 RSU Agreement's choice of law provision, Maine Courts "will not enforce a contractual choice of law provision if the application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue..." *Id.* (citing RESTATEMENT (SECOND) CONFLICTS OF LAWS § 187(2)(b)) (quotation marks omitted).  Assuming Section 629 sets forth a fundamental policy in

---

[1] 26 M.R.S § 629 prohibits, among other things, "unfair agreements" between employers and employees whereby an employer seeks recoupment of compensation previously earned.

Maine, the application of Delaware law only violates that policy of there are "significant differences in the application of the law of the two states. *Id.*

After examining the relevant statutory provisions pursuant to Maine and Delaware law, the Court declines to hold unenforceable the choice of law provision on the ground that the application of Delaware law to Mr. Becker's claims violates a fundamental policy of Maine. Delaware's employment statues address withholding and timing of wage payments, as does 26 M.R.S. § 629, the statute that is the basis of Mr. Becker's claim. *Compare* 26 M.R.S. § 629 *with* Del. Code Ann. Tit. 19, §§ 1102, 1107 (addressing timing of wage payments and restricting employers from "withhold[ing] or divert[ing] any portion of an employee's wages"). Both statutes are "designed to protect" employees "from being forced to work without pay." *Cooper v. Springfield Terminal Ry. Co.,* 635 A.2d 952, 955 (Me. 1993). The application of this public policy in Delaware is not significantly different from its application in Maine. Because Mr. Becker has failed to show significant differences in the application of the relevant public policy, he has failed to show that enforcement of the choice of law provision would violate a fundamental policy in Maine. Thus, the choice of law provision is enforceable.

II.     **Enforcing the forum selection clause will not violate Maine public policy regarding restrictive covenants.**

Second, Mr. Becker contends that enforcement of the forum selection clause would violate Maine public policy because it would "allow W.R. Berkley to take advantage of its 'home court advantage' to recast the RSU Agreements draconian restrictive covenant as an action for 'reimbursement,' or a 'recapture remedy,' or 'forfeiture provision,' which violates the Maine public policy against enforcing restrictive covenants that are not narrowly tailored to protect a legitimate business interest of the employer." (Pl.'s Opp. at 9-10.) However, the public

6

policies of Maine and Delaware are again, not significantly different regarding their treatment of restrictive covenants.

In Maine, the Law Court has previously held that employee covenants to not compete with a former employer "are contrary to public policy and will be enforced only to the extent that they are reasonable and sweep no wider than necessary to protect the business interests at issue." *Chapman & Drake v. Harrington,* 545 A.2d 645, 646-47 (Me. 1988). Similarly, in Delaware, covenants not to compete are not "mechanically enforced." *McCann Surveyor, Inc., v. Evans,* 611 A.2d 1, 3 (Del. Ch. 1987). Delaware courts "carefully review the covenants to assure they "(1)[are] reasonable in geographic scope and temporal duration, (2) advance a legitimate economic interest of the party seeking its enforcement, and (3) survive the balancing of the equities." *FP UC Holdings, LLC v. Hamilton,* 2020 WL 1492783, at *6 (Del. Ch., Mar. 27, 2020). When assessing reasonableness, Delaware courts "focus on whether the non-compete is 'essential for the protection of the employer's economic interests." *Id.* Delaware courts "then balance the employer's interests against the employee's interests." *Id.* Given the similarities in public policies between Maine and Delaware regarding restrictive covenants, enforcing the forum selection clause will not violate Maine's public policy.

In summary, to defeat a facially valid forum selection clause, Mr. Becker is required to demonstrate that the clause was: (1) the product of fraud or overreaching, (2) enforcement would be unreasonable or unfair, or (3) would contravene a strong public policy of the forum. Because Mr. Becker has failed to demonstrate any of the above, the forum selection clause found in the 2017 RSU Agreement is enforceable. Accordingly, the Court dismisses Mr. Becker's complaint in its entirety, without prejudice, for improper venue.

**CONCLUSION**

For the foregoing reasons, Mr. Becker's complaint is dismissed without prejudice, for lack of venue. As such, Defendant's 12(b)(3) motion to dismiss is granted.

The Clerk is requested to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

Dated: 6/14/2021

M. Michaela Murphy
Justice, Business and Consumer Court

BCD-CIV-2021-01

JONATHAN BECKER

    *Plaintiff(s)*

*v.*

BEERKLEY CORPORATION, et al.

    *Defendant(s)*


Party Name:

*Jonathan Becker*

*Acadia Insurance Company, and
W/R.Berkley Corporation*

Attorney Name:

Glenn Israel, Esq.
    Bernstein Shur Sawyer & Nelson
    PO Box 9729
    100 Middle Street
    Portland, ME 04104-5029

Eric Wycoff, Esq.
    Pierce Atwod
    Merrills Warf
    254 Commercial St
    Portland, ME 04101
    133 Broadway
    Bangor, ME 04401